Filed 5/14/24  P. v. Saldana CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY JESUS SALDANA,<br><br>Defendant and Appellant. | B324524<br><br>(Los Angeles County Super. Ct. No. VA135326) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Reversed with directions.

James M. Crawford, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

––––––––––––––––––––

In our opinion in *People v. Saldana* (Sept. 3, 2019, B292736 [nonpub. opn.]), we remanded the case with directions to the trial court to exercise its discretion under Senate Bill No. 1393 as to two 5-year enhancements for prior convictions under Penal Code section 667, subdivision (a)(1). We also held that appellant Anthony Jesus Saldana had the right to be present for the resentencing hearing and to raise other issues deferred to the trial court in our opinion. We specifically directed the trial court in this manner: "The matter is remanded with directions to the trial court to exercise its discretion under Senate Bill No. 1393. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 34–35.) At the remand hearing, the defendant has the right to the assistance of counsel, and unless he chooses to forgo it, the right to be present." (*People v. Saldana, supra,* B292736.)

The resentencing hearing was set for September 21, 2020. Unfortunately, even though appellant requested to be present at the hearing and was agreeable to delaying the hearing until after the COVID crisis had subsided, the trial court proceeded in his absence. The court explained why it was proceeding without appellant:

"The court has kind of made the court's view of this case clear from the time I sentenced him after hearing in the jury trial four years ago to also the striking of the gun allegation when we did that hearing and we had to have him back from state prison. Now we have this Covid crisis which is stopping all the transport to and from county jail that has been going on. So we don't know when that's going to end. We all know the case pretty much inside and out. I don't know what him being here would add to the argument made that's going to be made by Mr. Brown [defense counsel] right now.

2

"This was a case that had gang allegations. Mr. Saldana had been, or has been, a member of a local Whittier gang going back many years, and having him in county jail was always an issue to this court when the court knew that he was going to be sentenced to state prison and the transport back and forth from state prison to county jail in specifically Los Angeles county. But I'm assuming a lot of the counties around California, although some of the appellate courts and Justices on the California Supreme Court might not be as closely situated with the situation, the amount of gang activity and things that happen between county jail and state prison, it's a concern. And I know weighing all the factors right now about his desire to be here and what that would provide in this hearing, the court is going to make a ruling right now that the court is going to proceed because especially we don't know when this Covid thing is going to end and bringing people back and forth and around for multiple reasons is not the best thing.

"So the court is going to proceeded [*sic*] with this hearing without the defendant and I'll hear from Mr. Brown any oral argument that you have, Mr. Brown, that supports Mr. Saldana's request to have the [Penal Code section 667, subdivision (a)(1)] priors stricken."

Defense counsel did not object and proceeded to make a perfunctory argument:

"Mr. BROWN: Other than the court is aware of the record, I don't need to repeat the record to the court. I'm simply going to submit on the record indicating that if the court would exercise its discretion to strike the five year priors, Mr. Saldana will likely to never get out of prison.

"THE COURT: Thank you, Mr. Brown."

3

After the prosecutor objected to striking the prior convictions, the trial court stated in some detail how serious appellant's crimes had been.[1] The court concluded that this was not "an appropriate case to strike the five-year enhancements" and denied the request to strike the enhancements.

We review de novo a criminal defendant's assertion that he was denied his constitutional right to be present for resentencing or a sentence modification hearing. (*People v. Waidla* (2000) 22 Cal.4th 690, 741; *People v. Sanchez* (2016) 245 Cal.App,4th 1409, 1417.)

We understand the trial court's concerns. Nonetheless, it was improper to ignore our directions upon remand and proceed without appellant present at the hearing. We are also unimpressed with defense counsel's performance. The court should not have proceeded with resentencing in appellant's absence. We therefore vacate the court's decision to deny the request to strike the prior convictions. Because we are vacating the court's decision, we need not address appellant's second contention that his counsel provided ineffective assistance of counsel at the resentencing hearing.

---

[1] In *People v. Saldana* (Feb. 21, 2018, B280748 [nonpub. opn.]) we affirmed appellant's conviction for assault with a firearm, shooting at an inhabited dwelling, two counts of possession of a firearm by a felon, and a violation of a criminal street gang injunction. The jury found that all but the violation of the criminal street injunction were committed for the benefit of a criminal street gang and we affirmed this with one exception. (See fn. 2, *post*.) We also confirmed that appellant was subject to the Three Strikes law. Appellant's aggregate sentence was 50 years determinate plus 75 years to life.

Appellant contends, and respondent concedes, that the case must be remanded to apply the reforms to gang enhancements set forth in Assembly Bill No. 333.

We find appellant's absence not harmless beyond a reasonable doubt under *Chapman v. California* (1967) 386 U.S. 18, the applicable standard for prejudice as both parties concede. Had appellant been present, he may have presented post-conviction factors such as his disciplinary record and record of rehabilitation while incarcerated, evidence reflecting whether age, time served and diminished physical condition, if any, have reduce his risk for future violence and evidence that otherwise reflected changed circumstances. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 674.) He also may have corrected his trial counsel's failure to raise issues we specifically deferred to the trial court for resolution in our previous opinion.

We remand the case with directions to comply with our opinion in *People v. Saldana, supra*, B292736. In addition, the trial court should proceed with applying the reforms set forth in Assembly Bill No. 333 to the gang enhancements in this case.[2] Appellant must be present at the hearing unless he waives that right.

The July 12, 2023, request for judicial notice of our court's prior two opinions in this matter is denied as superfluous. (Evid. Code, § 459, subds. (a), (d).)

---

[2] The surviving gang enhancements are to counts 1, 3 and 4 of the information. Our original opinion affirming the conviction vacated the gang enhancement to count 5.

5

## DISPOSITION

The judgment is reversed and the case is remanded with directions to follow our instructions in this opinion and in *People v. Saldana, supra,* B292736.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                    STRATTON, P. J.

We concur:



GRIMES, J.



VIRAMONTES, J.